UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JEREMY HARRIS**                                                                                           **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:24CV-P153-JHM**

**CHARLES HOEHN**                                                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Harris, an inmate at Kentucky State Penitentiary (KSP), filed the instant *pro se* action under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion to amend the complaint (DN 27). For the reasons stated herein, the motion will be denied.

In the complaint and an attachment to the complaint, Plaintiff alleged that Defendant John Doe subjected him to excessive force when he sprayed him with oleoresin capsicum (OC) spray without provocation. The Court conducted an initial review of the complaint and attachment pursuant to 28 U.S.C. § 1915A and allowed Plaintiff's Eighth Amendment claim for excessive force to proceed against Defendant John Doe in his individual capacity for damages and in his official capacity for injunctive relief (DN 8). In so doing, it gave Plaintiff 90 days to file a motion to amend the complaint to identify the name of the John Doe Defendant. Plaintiff filed a motion to amend to identify the John Doe Defendant as Charles Hoehn (DN 13), and the Court granted the motion (DN 14). Thus, Plaintiff's Eighth Amendment claim for excessive force is now proceeding against Defendant Charles Hoehn in his individual capacity for damages and in his official capacity for injunctive relief.

### I. SUMMARY OF ALLEGTIONS

Plaintiff moves to amend the complaint to add two Defendants—Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews and KSP Warden Laura Plappert. As grounds for the motion, he states that "by all standards of law & responsibility in this case, by established

facts, Warden Laura Plappert and Commissioner Cookie Crews share in accountability for the violations of Plaintiff's rights, and thereby should have been named as Defendants in this case."

Plaintiff attaches a tendered 42 U.S.C. § 1983 amended complaint to his motion. Therein he states that Plappert and Crews failed to "take authoritative & efficient action to curtail such brutally sadistic abuses of riot-control weaponry (e.g. oleoresin capsicum pepper spray, 'vapor,' etc.) within KDOC prisons as has been committed by Defendant Charles Hoehn – of which both, Warden Plappert and Commissioner Crews, have long been glaringly aware." Plaintiff also maintains that Plappert and Crews violated his Fourteenth Amendment rights "when they have wantonly denied the Plaintiff equal protection of the law by failing to protect him from abuses/violations of his Eighth Amendment rights against cruel and unusual punishment in the prison setting under their control." He also asserts that he filed grievances which were ultimately reviewed by Plappert and Crews and that "no action was ever taken regarding this incident or the blatantly brutal violations of the Plaintiff's rights and abuses against his safety & wellbeing."

## II. STANDARD

While the standard for leave to amend a complaint is generally broad, a plaintiff is not permitted to amend the complaint where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas. Co.*, 918 F.2d 579, 591 (6th Cir. 1990). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). By the same token, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *A. Individual-capacity claims*

To state a claim for relief under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New*

*York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)); *see also Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. To that end, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300).

Plaintiff's allegations in the tendered amended complaint against Plappert and Crews are based on their supervisory authority; he does not allege that they were personally involved in the excessive force incident. His allegations that they were aware of a violent culture at KSP and failed to act are not sufficient to state a constitutional claim. Therefore, Plaintiff's Eighth Amendment claims against Plappert and Crews in their individual capacities would be subject to

dismissal for failure to state a claim upon which relief may be granted and are, therefore, futile.

Plaintiff also alleges that Plappert and Crews "wantonly denied the Plaintiff equal protection of the law by failing to protect him from abuses/violations of his Eighth Amendment rights against cruel and unusual punishment in the prison setting under their control." The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U .S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff's allegation of violation of his equal protection rights is wholly conclusory and lacking in the required factual specificity to support a claim. *See Iqbal*, 556 U.S. at 678 (complaint not sufficient "'if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). He alleges no facts to support intentional discrimination and merely seems to attempt to repackage his Eighth Amendment claims as equal protection claims. For these reasons, Plaintiff's equal protection claims are subject to dismissal for failure to state a claim upon which relief may be granted and are, therefore, futile.

### *B. Official-capacity claims*

Plappert and Crews are both state officials. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky*

*v. Graham*, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official-capacity claims against Plappert and Crews for damages would be subject to dismissal for failure to state a claim upon which relief be granted and for seeking damages from a Defendant immune from such relief.

Upon initial review of the action, the Court allowed Plaintiff's official-capacity claim against Defendant Hoehn for injunctive relief to proceed for further development. "Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell*, 436 U.S. at 691 n.55). Therefore, Plaintiff's official-capacity claim against Hoehn is actually a claim for injunctive relief against the Commonwealth. Plaintiff's official-capacity claims against Plappert and Crews for injunctive relief would also be actually brought against the Commonwealth and as such are redundant to his official-capacity claim for injunctive relief against Defendant Hoehn. For this reason, the official-capacity claims against Plappert and Crews for injunctive relief are futile.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to amend the complaint (DN 27) is **DENIED**.

Date:   September 23, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4414.010